1

2

3

4

5

6

7

8

9                         IN THE UNITED STATES DISTRICT COURT

10                        FOR THE EASTERN DISTRICT OF CALIFORNIA

11   DEAN DRAKE,

12              Plaintiff,                    No. CIV S-05-2075 DFL GGH P

13        vs.

14   MIKE WHITE, et al.,                      ORDER AND

15              Defendants.                   FINDINGS & RECOMMENDATIONS

16   _____/

17              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the court is the motion to dismiss for failure to exhaust

19   administrative remedies filed September 25, 2006, on behalf of defendants Grannis and Runnels.

20              After carefully considering the record, the court finds that plaintiff has failed to

21   state a colorable claim for relief against defendants Grannis and Runnels.  28 U.S.C. §

22   1915(e)(2)(notwithstanding any filing fee, or any portion thereof, the court shall dismiss case at

23   any time if it determines that it fails to state claim upon which relief may be granted).

24   Accordingly, the court recommends that defendants Grannis and Runnels be dismissed, and

25   orders that defendants' motion to dismiss is vacated.

26   /////

1

1         This action is proceeding on the original complaint filed October 14, 2005.

2   Named as defendants are Correctional Officers White and Whitehead, N. Grannis and Warden

3   Runnels.  Defendant White has answered the complaint.  Service on defendant Whitehead has

4   not been executed.

5         Plaintiff alleges that on May 11, 2004, defendants White and Whitehead used

6   excessive force against him.  Plaintiff alleges that defendants Grannis and Runnels denied his

7   request for an internal affairs investigation of the incident.  As relief, plaintiff seeks money

8   damages.

9         After reviewing the exhibits attached to the complaint, it is clear that plaintiff's

10  claims against defendant Grannis are based on her response to his administrative appeal no. 04-

11  1301.  Plaintiff's claims against defendant Runnels are based on his refusal to further address the

12  claims raised in appeal no. 04-1301 after plaintiff exhausted this appeal at the Director's Level of

13  review.

14        Attached to plaintiff's complaint are copies of the appeals filed in 04-1301.  In the

15  first level appeal dated May 24, 2004, plaintiff described the incident involving defendant White.

16  As relief, plaintiff requested that the case be investigated by internal affairs.  On June 21, 2004,

17  this appeal was partially granted at the First Level by Associate Warden Sanchez.  On July 26,

18  2004, this appeal was partially granted at the Second Level by Chief Deputy Warden Armoskus.

19        On October 26, 2004, defendant Grannis denied the appeal at the Director's Level.

20  In her response, defendant Grannis stated, in relevant part,

21      Second Level's Argument: The reviewer found that the institution is in
    compliance with State law and regulations.  An investigation was conducted

22      which revealed the appellant's complaint could not be substantiated.

23      Director's Level Decision: Appeal is denied.

24      A.  Findings:  An investigation was conducted into the appellant's allegations.
    The appellant has not presented a compelling argument to warrant modification of

25      the decision reached by the institution.  The appellant was notified that the inquiry
    had been completed and the complaint could not be substantiated.  The appellant

26      did not provide credible evidence to substantiate the allegations of staff

1    misconduct.  Although appellant has the right to submit an appeal as a staff
     complaint, the request for disciplinary action regarding staff or the placement of
2    documentation in a staff member's personnel file is beyond the scope of the
     appeals process.
3

4          On January 13, 2005, defendant Runnels sent plaintiff a memorandum, a copy of

5    which is attached to the complaint.  This memorandum states,

6          This memorandum is in response to your letters to the Lassen County District
           Attorney's Office and the Officer of Investigative Services.  Your letters were
7          forwarded by the aforementioned agencies to High Desert State Prison (HDSP)
           for response.  In your letters you make allegations of misconduct on the part of
8          Correctional Staff at HDSP.

9          In reviewing this matter I have determined that the Department has previously
           addressed your allegations.  You filed an appeal, log # HDSP D-04-1301,
10         regarding the issues that you raise in your letter.  That appeal was denied at the
           first, second and third level of review.  At this time you have exhausted the
11         administrative remedy; however, your allegations have been addressed
           appropriately.
12

13         Plaintiff's claims against defendant Grannis are based on her denial of his appeal

14   at the Director's Level.  Plaintiff's claims against defendant Runnels are based on his January 13,

15   2005, memorandum.

16         Defendants sued in their individual capacity must be alleged to have: personally

17   participated in the alleged deprivation of constitutional rights; knew of the violations and failed

18   to act to prevent them; or implemented a policy that repudiates constitutional rights and was the

19   moving force behind the alleged violations.  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th

20   Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir.

21   1989).  "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v.

22   Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L.Ed.2d 128, it is perfectly clear that not

23   every injury in which a state official has played some part is actionable under that statute."

24   Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980).  "Without

25   proximate cause, there is no § 1983 liability."  Van Ort v. Estate of Stanewich, 92 F.3d 831, 837

26   (9th Cir. 1996).

1    The search, which was performed in accordance with this constitutionally valid
     strip search policy, was subsequently ratified by the School Board when Mr.
2    Williams filed a grievance.  Therefore, Williams' only grasp at evoking municipal
     liability under § 1983 is to show that this subsequent ratification is sufficient to
3    establish the necessary causation requirements.  Based on the facts, the Board
     believed Ellington and his colleagues were justified in conducting the search of
4    Williams.  There was no history that the policy had been repeatedly or even
     sporadically misapplied by school board officials in the past.  Consequently, the
5    School Board cannot be held liable for the ratification of the search in question,
     because this single, isolated decision can hardly constitute the "moving force"
6    behind the alleged constitutional deprivation.

7

8    Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).

9           This court is unwilling to adopt a rule that anyone involved in adjudicating

10   grievances after the fact is per se potentially liable under a ratification theory.  However, this is

11   not to say that persons involved in adjudicating administrative disputes, or persons to whom

12   complaints are sometimes made can never be liable under a ratification theory.  If, for example, a

13   reviewing official's rejections of administrative grievances can be construed as an automatic

14   whitewash, which may have led other prison officials to have no concern of ever being

15   reprimanded, a ratifying official may be liable for having put a defective policy in place.

16          The court does not find that defendant Grannis' response to plaintiff's Director's

17   Level appeal constituted an "automatic whitewash" of plaintiff's claims.  Defendant Grannis

18   stated that an investigation of plaintiff's claims had been conducted, but they could not be

19   substantiated.  This response does not suggest that defendant Grannis ratified a defective policy

20   in denying plaintiff's appeal.

21          While defendant Runnels did not deny an administrative grievance, he denied

22   plaintiff's request for an investigation of his claims on grounds that the issues had already been

23   addressed in plaintiff's administrative appeals.  This response also does not suggest defendant

24   Runnels was ratifying a defective policy by denying plaintiff's request for an internal affairs

25   investigation.

26   /////

1       For the reasons discussed above, the court recommends that the claims against
2  defendants Runnels and Grannis be dismissed for failing to state a colorable claim for relief.
3       Accordingly, IT IS HEREBY ORDERED that defendants' September 25, 2006,
4  motion to dismiss be vacated;
5       IT IS HEREBY RECOMMENDED that the claims against defendants Runnels
6  and Grannis contained in the complaint be dismissed.
7       These findings and recommendations are submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
9  days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12 shall be served and filed within ten days after service of the objections.  The parties are advised
13 that failure to file objections within the specified time may waive the right to appeal the District
14 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
15 DATED:  3/14/07

16                              /s/ Gregory G. Hollows
17                              _____
                               GREGORY G. HOLLOWS
18                             UNITED STATES MAGISTRATE JUDGE

19 dr2075.mtd
20
21
22
23
24
25
26

5