IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEAN DRAKE,

      Plaintiff,                      No. CIV S-05-2075 RRB GGH P

    vs.

MIKE WHITE, et al.,

      Defendants.             FINDINGS & RECOMMENDATIONS

_____/

I. Introduction

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the motion to dismiss for failure to exhaust administrative remedies filed October 22, 2007, on behalf of defendant Whitehead. On January 31, 2008, plaintiff filed an opposition.

        This action is proceeding on the original complaint filed October 14, 2005. Plaintiff alleges that defendants White and Whitehead used excessive force against him on May 11, 2004. On September 13, 2006, defendant White filed an answer. On March 15, 2007, the court recommended that the claims against defendants Runnels and Grannis be dismissed. These findings and recommendations are under submission to the district court.

1

1    After carefully reviewing the record, the court recommends that defendant's
2 motion to dismiss be denied.
3 II. Discussion
4    42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to
5 prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in
6 any jail, prison, or other correctional facility until such administrative remedies as are available
7 are exhausted." In order for California prisoners to exhaust administrative remedies, they must
8 proceed through several levels of administrative appeal:  1) informal resolution, 2) formal written
9 appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or
10 designee, and 4) third level appeal to the Director of the California Department of Corrections.
11 Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, §
12 3084.5).  A final decision from the Director's level of review satisfies the exhaustion
13 requirement.  Id. at 1237-38.
14    In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates
15 must exhaust administrative remedies, regardless of the relief offered through administrative
16 procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely
17 exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be
18 brought with respect to prison conditions *until* such administrative remedies as are available are
19 exhausted.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).
20    In the motion to dismiss, defendant states while plaintiff filed an administrative
21 grievance regarding the May 11, 2004, incident, he mentioned only defendant White.  See
22 Motion to Dismiss, Exhibits A, B.  In his opposition, plaintiff does not dispute that he failed to
23 name defendant Whitehead in his administrative grievance.
24    In Jones v. Bock, ___ U.S. ___, 127 S.Ct. 910 (2007), the Supreme Court held
25 that administrative exhaustion was not per se inadequate simply because an individual later sued
26 was not named in the grievances.  The Supreme Court stated,

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. As the MDOC procedures make no mention of naming particular officials, the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion is unwarranted.

___ U.S. ___, 127 S.Ct. 910, 923.

Defendant does not address Jones v. Bock in his motion. Without knowing the level of detail necessary in order to comply with California's grievances procedures, as required by Jones v. Bock, the court cannot determine whether plaintiff was required to name defendant Whitehead in his grievances in order to exhaust administrative remedies as to this defendant. For this reason, defendant's motion to dismiss should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's October 22, 2007, motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 03/27/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

dr2075.mtd