IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEAN DRAKE,

      Plaintiff,                    No. CIV S-05-2075 JAM GGH P

    vs.

MIKE WHITE, et al.,               ORDER

      Defendant.
_____/

Introduction

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the original complaint filed October 14, 2005. Plaintiff alleges that defendants White and Whitehead used excessive force against him. Pending before the court is plaintiff's motion to compel discovery (Doc. #64), filed October 17, 2008. Defendants' filed an opposition (Doc. #65), on November 3, 2008, and plaintiff filed a reply (Doc. #66), on November 24, 2008.

Motion to Compel Discovery

        A party may bring a motion to compel discovery when another party has failed to respond or respond adequately to a discovery request. Fed.R.Civ.P. 37(a)(3). A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense" but "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b). As the moving party, plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel and for each disputed response, why defendants' objections are not justified or why the response provided is deficient.

Plaintiff states that he sent twenty-five interrogatories to the defendants and nineteen requests for production of documents. By this motion, plaintiff seeks an order compelling discovery on ten of these items. In his motion, plaintiff lists the ten items he requests, though plaintiff does not indicate which are document requests and which are interrogatories. It also appears that plaintiff is requesting documents based on interrogatory requests. Plaintiff has not attached the interrogatories or document requests. However, in his reply to defendants' opposition, plaintiff has attached the defendants' responses to the interrogatory requests.[1] Reply at 5-15. Plaintiff does not specify why he needs any of these items and plaintiff has not explained his specific objections to each of defendants' answers. Plaintiff merely states that defendants are refusing to cooperate and these documents are vital for his case.

Plaintiff seeks a motion to compel the following ten items:

1. Defendants' personnel files.
2. Complaints filed against defendants in the past five years.
3. Any/all civil lawsuits/complaints filed against defendants in the past five years.
4. Investigative files concerning defendants.
5. Log book entries pertaining to plaintiff on the incident date.
6. Medical log book entries pertaining to plaintiff on the incident date.
7. Written reports related to the alleged incident.
8. Procedures for investigating excessive force claims.
9. Documents that describe when a correction officer can deprive an inmate of privileges before a disciplinary hearing.
10. Documents that describe guards hand to hand combat training.

\\\\\

---

[1] In their opposition, defendants attached their responses to plaintiff's document requests. Opposition, Exh. A at 1-6. Defendants list 13 document requests, yet plaintiff asserts he requested 19. As plaintiff did not attach his document request the court will only review the 13 addressed by defendants.

2

In their opposition, defendants state that several of plaintiff's document requests were never propounded. The court will not address the motion to compel for the investigative files (4) and all written reports (7) as plaintiff did not provide the discovery requests or defendants' answers to the court. With respect to (9) and (10), it appears from his pleadings, that plaintiff is requesting more details and documents on two interrogatory requests and the court will briefly discuss the requests.

Plaintiff first requests to know in what situation a correctional officer is allowed to deprive an inmate of his privileges before a disciplinary hearing (9). Defendants responded that the interrogatory was vague, lacked foundation and was an incomplete hypothetical. As such, defendants responded they did not know. Plaintiff did not provide any more details and due to this lack of clarification and the confusing interrogatory itself, plaintiff's request is denied.

Plaintiff's second interrogatory, requests information concerning details and procedures that correctional officers receive in hand to hand combat (10). Defendants answered several interrogatories concerning this issue. Plaintiff has not alleged any deficiencies in these answers and also now seeks documents. As defendants did provide satisfactory answers and there is no evidence that plaintiff ever requested documents regarding this issue, plaintiff's request to compel is denied.

With respect to the remaining six requests, defendants' provided responses to each document request.

<u>Personnel Files</u>

Defendants object to providing their personnel files as it is overly broad, violates defendants' right to privacy, is not relevant and is not reasonably calculated to lead to discovery of admissible evidence.

Defendants are correct. Plaintiff's request is overly broad and fails to specify specific parts of their personnel files. Plaintiff failed to narrow his request or address defendants' objections, thus it is denied.

### Complaints

Defendants object to providing complaints against them as it is overly broad, violates defendants' right to privacy, is not relevant and is not reasonably calculated to lead to discovery of admissible evidence. Defendants argue that they do not have possession, custody or control of complaints filed against them and they cannot produce documents they do not have. Defendants urge plaintiff to contact the records custodian. The court acknowledges that the defendants do not have personal control of their personnel files in which complaints against them would be contained.

However, defendants are likely to have constructive possession over their personnel files. That is, upon request, it is likely that defendants could view and copy materials from their personnel files. Defendants are ordered to do so for all complaints alleging excessive force.

### Lawsuits

Defendants object to providing copies of any/all lawsuits/complaints filed in any court, as it is overly broad, unduly burdensome, not relevant, violates defendants' right to privacy, and is not reasonably calculated to lead to discovery of admissible evidence.

This request is overly broad and plaintiff has failed to narrow his request or address defendants' objections. This request is denied.

### Log Book and Medical Log Book

Defendants object to providing log book entries for May 11, 2004, as it is overly broad, violates defendants' right to privacy, is not relevant and is not reasonably calculated to lead to discovery of admissible evidence.

Plaintiff does not describe what log books he is referring to and why these log books are necessary. With respect to medical log book entries, defendants have already provided plaintiff's medical records with respect to this incident. Plaintiff has failed to specify what medical log books he requires and what he expects to find. This request is denied.

<u>Procedure for Investigating Excessive Force Claims</u>

Defendants object to providing documents describing the procedures for investigating excessive force claims, as it is overly broad and unduly burdensome.

Plaintiff does not state why he requests production of this document and this request it not related to plaintiff's underlying claims. Plaintiff has also neglected to address defendants' objections. This request is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's October 17, 2008 (docket #64), motion to compel is granted in part and denied in part as follows:

1. Defendants are ordered to respond to the request for production concerning excessive force complaints against White and Whitehead.

2. The motion to compel is denied in all other respects.

DATED: March 24, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
drak2075.cpl