IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEAN DRAKE,

    Plaintiff,                              No. CIV S-05-2075 JAM GGH P

    vs.

MIKE WHITE, et al.,                   <u>ORDER &</u>
                                           <u>FINDINGS AND RECOMMENDATIONS</u>
    Defendant.
                               /

I. <u>Introduction</u>

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the original complaint filed October 14, 2005. Plaintiff alleges that defendants, correctional officers White and Whitehead, used excessive force against him. Pending before the court is defendants' motion for summary judgment (Doc. 79), filed July 9, 2009. Plaintiff filed an opposition (Doc. 82), on July 27, 2009.

II. <u>Plaintiff's Allegations</u>

        Plaintiff alleges that defendant White instructed plaintiff to return to his cell. Opposition to Summary Judgment (Opposition) at 3. Plaintiff was standing in front of his cell and did not go inside and instead asked to speak to a sergeant. Id. White again ordered plaintiff to return to his cell, but plaintiff again requested to speak to a sergeant. Id. White then

1

approached plaintiff, grabbed him and attempted to throw plaintiff into the cell. Id. Plaintiff states he removed himself from White's grasp and then stood still. Id. White proceeded to pick plaintiff up and slam him to the ground. Id. White then pinned plaintiff to the ground putting his forearm into plaintiff's throat. Id. At this moment, defendant Whitehead arrived and attempted to use her pepper spray, but it would not work, so Whitehead struck plaintiff in the face and head with the pepper spray canister. Id. Other officers arrived to restrain plaintiff and they picked him up, handcuffed him and escorted him away. Id. Plaintiff suffered scratches, bruises and a cut to his lip. Id. at 11.

III. Summary Judgment

Defendants contend there are no issues of material fact as defendants' use of force did not rise to the level of a constitutional violation and they are entitled to qualified immunity.

Standards

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322, 106 S. Ct. at 2552.

"[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323, 106 S. Ct. at 2553.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11, 106 S. Ct. at 1356 n. 11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

\\\\\

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (citation omitted).

Undisputed Facts

The following of defendants' undisputed facts (DUF) are either not disputed by plaintiff, or following the court's review of the evidence submitted, have been deemed undisputed.

During the relevant time, plaintiff was incarcerated at High Desert State Prison (HDSP) and White and Whitehead were correctional officers at the institution. DUF #1. On the morning of May 11, 2004, White observed another correctional officer order plaintiff to return to his cell because plaintiff had purportedly been smoking in the dayroom. DUF #2. Plaintiff walked back to his cell, stopped in front of the cell's open door but did not enter. DUF #3. White ordered plaintiff to get inside his cell, but plaintiff did not obey and instead requested to speak to a sergeant. DUF #4, Plaintiff's Undisputed Facts (PUF) #4, Original Complaint (Complaint) at 3.

An altercation ensued and White wrestled plaintiff to the ground. DUF #6. Whitehead arrived and attempted to use her pepper spray, but only a small amount discharged.

1  DUF #7.  Whitehead aided in subduing plaintiff.  DUF #8.  Plaintiff was eventually handcuffed
2  and escorted out of the area.  DUF #9.  Plaintiff suffered a scratch on his left shoulder, bruises
3  and reddening on the right side of his face and upper chest and a cut on his lip/chin area.  DUF
4  #10, PUF #10.  White suffered pain and redness to his left wrist and swelling to both his elbows.
5  DUF #11.  Whithead sustained pain to her left wrist.  DUF #12.  Plaintiff received a rule
6  violation report for battery on a peace officer and though pleading not guilty was found guilty.
7  DUF #13, Motion for Summary Judgment, Exh. A-3.

Disputed Facts

White states that after plaintiff refused to return to his cell, plaintiff swung at White, hitting him on his left arm and chest.  DUF #5.  It was at that point that White grabbed plaintiff and wrestled him to the ground and plaintiff was resisting the entire time.  DUF #6.

Plaintiff denies that he swung at White and states that at no time did he resist any of the officers, while they were striking him and pinning him to the ground.  PUF #5, 6, 8.

Whitehead states that she arrived at the scene and observed White wrestling plaintiff to the ground and plaintiff was swinging his fists attempting to hit White.  Motion for Summary Judgment, Whitehead Decl. ¶2.  Whitehead then grabbed plaintiff's shoulder and arm to restrain him.  Id. at ¶4.

Plaintiff disputes Whitehead's account and states that Whitehead hit plaintiff in the face and head multiple times with the pepper spray canister.  PUF #8.

IV.  Analysis

Excessive Force

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm.  Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995 (1992).  In determining whether the use of force was wanton and unnecessary, it

is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. Hudson, 503 U.S. at 7, 112 S.Ct. 995.

The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. Id., 503 U.S. 1, 112 S.Ct. 995. Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. Id., 112. S.Ct. 995. That is, use of excessive force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury. Id., 503 U.S. 1, 112 S.Ct. 995. However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 7, 503 U.S. 1, 112 S.Ct. 995. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from the constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10, 503 U.S. 1, 112 S.Ct. 995; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir.2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).

The primary issue in this case with respect to White is if plaintiff hit White first. If plaintiff struck White, then White was justified in using force to restrain plaintiff. Plaintiff alleges that White tackled him without justification. If this is accurate, then White perhaps used excessive force.[1] The focus in an excessive force claim is the degree of force used, rather than the degree of injury, thus the minor injuries suffered by plaintiff are not determinative. Hudson, 503 U.S. at 7, 112 S.Ct. 995.

\\\\\

\\\\\

---

[1] The court does not find here that correctional officers may not use force to compel a movement by a prisoner. However, the degree of force is at issue here.

Both plaintiff and White have declared under penalty of perjury that their version of events is true.[2] Neither party has presented witness evidence in corroboration.[3] Viewing the evidence in a light most favorable to plaintiff, White could be found to have used the force maliciously when there was no perceivable threat. White is not entitled to summary judgment as this factual dispute involves a material fact that requires a judge or jury to resolve the differing versions at trial. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

Similarly, there are material facts in dispute with respect to Whitehead. Plaintiff states that Whitehead arrived at the altercation and hit him in the face and head several times with her pepper spray canister while White was attempting to subdue him. Whitehead states that she only attempted to subdue plaintiff by grabbing his shoulder and arm. If Whitehead did strike plaintiff in the face and head with her pepper spray canister in this situation than this could be construed as excessive force as it was not used to restore discipline and order, rather maliciously to cause harm. Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). Summary judgment should be denied for Whitehead as there are material issues of fact in dispute.

Qualified Immunity

Defendants also move for summary judgement on grounds that they are entitled to qualified immunity.

In resolving a claim for qualified immunity the court addresses two questions: (1) whether the facts, when taken in the light most favorable to plaintiff, demonstrate that the officer's actions violated a constitutional right and (2) whether a reasonable officer could have

---

[2] Plaintiff neglected to sign his opposition to summary judgment under penalty of perjury but later filed a motion to add a page to his opposition where he signed under penalty of perjury that everything he stated was true (Doc. 83).

[3] Plaintiff has attached an internal prison investigation memo, where Whitehead and another correctional officer stated that they did not observe plaintiff strike White. Opposition at 16. However, it is not clear if these correctional officers witnessed the entire incident and had the opportunity to observe this part of the altercation.

believed that his conduct was lawful, in light of clearly established law and the information the officer possessed.  Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034 (1987).  See also Saucier v. Katz, 533 U.S. 194, 205, 121 S.Ct. 2151 (2001).  Although the Supreme Court at one time mandated that lower courts consider these two questions in the order just presented, more recently the Supreme Court announced that it is within the lower courts' discretion to address these questions in the order that makes the most sense given the circumstances of the case.  Pearson v. Callahan, --- U.S. ----, 129 S.Ct. 808 (2009).

The *sine qua non* for qualified immunity requires a finding that the defendant could not have reasonably known that the law violated was clearly established.  Id.  A defendant need not be presented with a precisely identical situation encompassed within a prior case finding a violation of law before it can be said that a reasonable person would know that he is violating clearly established law.  Rather, when the law has been specifically defined to set the standards of conduct, factual situations (assuming those disputed facts in plaintiff's favor) which clearly would violate those standards preclude qualified immunity.  See Headwaters Forest Defense v. County of Humboldt, 276 F.3d 1125, 1131 (9th Cir.2002).

As discussed above, there are material issues of fact in dispute regarding both defendants.  Under plaintiff's version of events, defendants violated a constitutional right and are not entitled to summary judgment.  Assuming that White tackled plaintiff without provocation and assuming that Whitehead repeatedly struck plaintiff in the face and head with the pepper spray canister while he was being restrained, no reasonable correctional officer would have believed that performing these acts was constitutional.  The Ninth Circuit has specifically noted that "a prison guard's use of excessive force was clearly established" by 1992 when the Supreme Court held that the "settled rule [is] that 'the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment.' "  Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir.2003) (quoting Hudson, 503 U.S. at 5).  Defendants are not entitled to qualified immunity.

IT IS ORDERED that plaintiff's motion to add a page to his opposition to summary judgment (Doc. 83) is granted.

IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (Doc. 79) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   12/02/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:ab
drak2075.sj